IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

NORMAN FREEMAN,
and CHRISTY FREEMAN

    Plaintiffs,

v.                                        CASE NO. 5:12-cv-6-RS-GRJ

OLIN CORPORATION
D/B/A WINCHESTER CORPORATION,
a foreign corporation, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant Olin Corporation's Memorandum In Support of Its Previously Filed Motion to Dismiss[1]. (Doc. 14.) The Plaintiffs have filed a response (Doc. 22) and amended response (Doc. 32) and Olin Corporation ("Olin") has filed a reply.  (Doc. 25.) The motion to dismiss is therefore ripe for review. For the reasons discussed below Defendant's motion to dismiss is due to be granted.

### I. Introduction

Plaintiff Norman Freeman alleges that he was injured as a result of ammunition manufactured by Olin and sold to him by Defendant BPS Direct.  As set forth in the amended complaint, Norman Freeman alleges that he suffered serious and permanent injuries when a rifle exploded in his hands due to an obstruction caused by a bullet manufactured by Olin.  Plaintiffs originally filed this case in state court and Olin removed

---

[1] Pursuant to N.D.Fla.Loc.R. 7.2(B) because Olin Corporation's Motion to Dismiss was pending at the time of removal Olin filed a memorandum of law so that the motion could be ruled upon by the Court.

it to this Court.  (Doc. 1.)  Plaintiffs' Amended Complaint contains five claims: two strict liability claims (Counts I and II), a negligence claim (Count III), a claim for "breach of implied warranty of fitness and/or merchantability" (Count IV), and a claim for loss of consortium (Count V).  (Doc 1 Exh. A at 1-17.)  In Olin's motion to dismiss Olin asks the Court to dismiss the Count IV of the Amended Complaint, the Plaintiffs' claim for breach of implied warranty or fitness and/or merchantability.

## II.  Standard of Review

For the purposes of the motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to Plaintiffs, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom.  *See, e.g.,* Jackson v. Okaloosa County, Fla.*,* 21 F. 3d 1532, 1534 (11th Cir. 1994).  Furthermore, the Court must limit its consideration to the complaint and written instruments attached as exhibits.  F<small>ED</small>. R. C<small>IV</small>. P. 10(c); GSW, Inc. v. Long County, Ga.*,* 999 F.2d 1508, 1510 (11th Cir. 1993).

In Ashcroft v. Iqbal, ____ U.S. ___, 129 S. Ct. 1937, 1950 (2009), the U.S. Supreme Court articulated a two-pronged approach for evaluating a motion to dismiss under Rule 12(b)(6): The court must first determine what factual allegations in the complaint are entitled to a presumption of veracity, and then assess whether these facts give rise to an entitlement for relief.

## III.  Discussion

Olin moves to dismiss Plaintiffs' claim for breach of the implied warranty of fitness and/or merchantability on the grounds that it is not in privity of contract with the Plaintiffs.

Plaintiffs allege that BPS Direct sold the ammunition to Plaintiffs and that Olin is the manufacturer of the ammunition, which allegedly caused the rifle to explode. Under Florida law the Plaintiffs may proceed against Olin, the manufacturer, under a theory of strict liability but may not bring a claim for breach of implied warranty in the absence of contractual privity.

It is well settled that Florida law requires privity of contract to sustain a breach of implied warranty claim. *Kramer v Piper Aircraft Corporation*, 520 So. 2d 37, 39 (Fla. 1988); *see also, T.W.M. v American Medical Systems, Inc.*, 886 F.Supp. 842, 844 (N.D. Fla. 1995)(J. Vinson); *Fields v. Mylan Pharmaceuticals, Inc.*, 751 F.Supp. 2d 1257, 1259 (N.D. Fla. 2009)("Because the complaint does not allege privity of contract, it fails to state a cause of action for breach of ... implied warranties.")(J. Smoak).  Failure to plead contractual privity in the complaint merits dismissal of an implied warranty claim under Rule 12(b)(6).  *Montgomery v. Davol, Inc.*, No. 3:07-cv-176-RV-EMT, 2007 WL 2155644, at *3-5 (N.D. Fla. July 24, 2007).

Because Plaintiffs have not alleged they purchased the defective ammunition from Olin but have affirmatively alleged they bought the ammunition from BPS Direct there is no privity of contract and, accordingly, Plaintiffs cannot maintain a claim for breach of implied warranty against Olin under Florida. The motion to dismiss, therefore, should be granted.[2]

---

[2] In their amended response, Plaintiffs cite *Monsanto Agr. Prods. Co. v. Edenfield*, 426 So.2d 574, 575-78 (Fla. Dist. Ct. App. 1983) for the proposition that a warranty claim may proceed in the absence of privity. *Monsanto,* however, predates *Kramer* and involves a claim for breach of an express warranty and not as here a claim for breach of an implied warranty.

## IV. Conclusion

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant Olin Corporation's Motion To Dismiss (Doc. 14) should be **GRANTED** and Count IV of the Amended Complaint as to Olin Corporation should be **DISMISSED WITH PREJUDICE.**

**IN CHAMBERS** in Gainesville, Florida, this 3rd day of May, 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.