IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

NORMAN FREEMAN,
and CHRISTY FREEMAN

    Plaintiffs,

v.                                                                                CASE NO. 5:12-cv-6-RS-GRJ

OLIN CORPORATION
D/B/A WINCHESTER CORPORATION,
a foreign corporation, et al.,

    Defendants.
_____/

**O R D E R**

This matter is before the Court upon Defendant Olin Corporation's Motion To Compel Discovery And Initial Disclosures. (Doc. 39.) Defendant Olin Corporation ("Olin") requests the Court to enter an order compelling Plaintiffs to: (1) provide the required disclosures under Federal Rule of Civil Procedure 26(a), (2) provide complete responses to Olin's Second and Third Requests for Production, and (3) produce all documents identified in the discovery requests. Olin also requests an award of reasonable fees incurred in bringing the motion. Although the time for filing a response to Olin's motion has not passed the Court will rule on this motion without the benefit of a response because the motion concerns the failure to produce discovery rather than any challenge to the discovery itself. Because the failure to produce the requested discovery impedes Olin's ability to conduct discovery to defend itself in this case waiting for a response from Plaintiffs would serve no useful purpose other than to further delay this case. However, as discussed below, the Court will afford Plaintiffs an opportunity to respond to Olin's request for reasonable fees for bringing this motion before the Court

rules on that issue.

The Court's Scheduling and Mediation Order (Doc. 38) provides that the Joint Rule 26(f) Report (Doc. 37) "will control ... except as otherwise provided in this Order." The Joint Rule 26(f) Report provides that the parties will exchange initial disclosures under Rule 26(a)(1) within four weeks from filing the Joint Report with the Court. (Doc. 37 ¶2.) The Joint Report was filed with the Court on June 18, 2012, thus, making July 16, 2012 the deadline for the parties to exchange initial disclosures. Before filing this motion Olin sent written requests to Plaintiffs on July 20 and August 10, 2012 requesting Plaintiffs to provide their initial disclosures. (Doc. 40, Exs. A & B.) More than one month has passed and Plaintiffs have failed to provide the initial disclosures or request an extension. Accordingly, Plaintiffs will be ordered to provide the initial disclosures within the time frames established in this Order.

With regard to Olin's Second Request for Production of Documents, Olin requested two categories of documents. First, Olin requested that Plaintiffs produce the "forensic testing" report Plaintiffs referred to in correspondence with Olin's counsel. Second, Olin requested that Plaintiffs provide copies of the "statements from doctors and disability" that Plaintiffs referenced in a letter sent to Olin's counsel. Olin's request for production was served on March 19, 2012. Before filing this motion Olin attempted to obtain the requested documents without court intervention. After being advised by Plaintiff Norman Freeman that he was in the process of gathering the requested documents, Olin agreed to give Plaintiffs until July 31, 2012 to provide the requested information. Apparently, on August 6, 2012 Olin received two documents from Plaintiffs, neither of which are the requested forensic report or the reports and evidence

concerning Plaintiff's Social Security claim.

On July 6, 2012 Olin served its Third request for Production of Documents. The only required action of Plaintiffs with regard to requests 2, 3, 4 and 5 was to complete the tax, medical, employment and Social Security authorizations attached to the requests. Plaintiffs did not provide any responses or object to the requests. As was the case with the other discovery requests when the time passed for the responses rather than filing a motion to compel Olin sent Plaintiffs a written request to provide the requested information. Olin filed this motion to compel only after Plaintiffs failed to respond to Olin's follow-up written requests.

While the Court recognizes that Plaintiffs are currently proceeding *pro se* – and may not be familiar with the rules of civil procedure – they are nonetheless required to provide the requested discovery. Plaintiffs' failure to provide Olin with the requested discovery has impeded Olin's ability to move forward with depositions and other discovery in this case. The discovery deadline is December 3, 2012, thus, leaving Olin with only three months to complete discovery. The Court in most cases adheres to the discovery deadline and normally will not modify these dates or continue the trial absent extraordinary circumstances. Consequently, Plaintiffs will be required to provide the requested discovery in a short time frame.

Lastly, Olin requests that the Court award it reasonable attorney's fees for bringing this motion to compel. Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides in relevant part that" "If the motion is granted ... the court must after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion ... to pay the movant's reasonable expenses incurred in making the motion, including

*Case No: 5:12-cv-6-RS-GRJ*

attorney's fees."  As written the Rule mandates that the Court award fees where, as here, a party has failed to respond to discovery requests thus necessitating the filing of a motion to compel which is granted. The Rule, however, provides an exception to the requirement that the Court "must" award attorney's fees in situations where: (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action, (2) where the court finds that the "opposing party's nondisclosure ... was substantially justified" or (3) where "other circumstances make an award of expenses unjust."  Id.  Because Plaintiffs have not been provided with an opportunity to respond to Olin's request for fees – and the Rule provides that the Court may only enter an award of fees after giving the non-disclosing party an opportunity to be heard – the Court will defer ruling on Olin's request for attorney's fees until Plaintiffs have filed a response explaining why the Court should not award fees, or the time for filing a response has passed.

Accordingly, for the reasons discussed above, it is **ORDERED** that:

1.   Defendant Olin Corporation's Motion To Compel Discovery And Initial Disclosures (Doc. 39) is **GRANTED**.

2.   Plaintiffs must respond in writing to Olin's Second and Third Requests for Production, produce all documents that are responsive to Olin's requests for production, and provide complete initial disclosures under Rule 26(a) on or before **August 31, 2012**.

3.   Plaintiffs may file a response to Olin's request for attorney's fees explaining why the Court should not award Olin the fees it incurred in bringing the motion to compel. Plaintiffs' response must be filed by **September 4, 2012**, failing which the

*Case No: 5:12-cv-6-RS-GRJ*

Court will award Olin reasonable attorney's fees it incurred in bringing the motion to compel.

**DONE AND ORDERED** this 22nd day of August, 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge