IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

NORMAN FREEMAN,
and CHRISTY FREEMAN

    Plaintiffs,

v.                                                 CASE NO. 5:12-cv-6-MW-GRJ

OLIN CORPORATION
D/B/A WINCHESTER CORPORATION,
a foreign corporation, et al.,

    Defendants.
_____/

## **O R D E R**

This matter is before the Court upon Defendant Olin Corporation's Motion to Compel Production of Physical Evidence For Inspection. (Doc. 75.) After the Court issued an Order to Show Cause (Doc. 84) because Plaintiffs had failed to file a response, Plaintiffs filed a response to the Court's show cause order. (Doc. 90.) In order to clarify the record regarding Defendant's position the Defendant filed a Reply. (Doc. 94.) The motion is, therefore, ripe for review.

This case concerns claims by Plaintiffs alleging they were damaged as a result of ammunition manufactured by Olin Corporation ("Olin") and sold to Plaintiffs by BPS Direct. Defendant requests the Court to enter an order compelling Plaintiffs to produce all physical evidence identified in Olin's First Request for Production of Documents. Specifically, Defendant requests Plaintiffs to produce for inspection all of the equipment Plaintiff was using on the date of the incident, including the firearm, the ammunition and any other physical items.

In Plaintiffs' belated response[1] Plaintiffs represent that they will not turn over the rifle and ammunition for inspection because prior to the filing of the lawsuit the Defendant was provided with the rifle and ammunition.

In Defendant's reply, Defendant advises that in 2007 *prior* to the filing of this lawsuit, Plaintiffs provided the firearm and ammunition to Defendant's Quality Assurance Department. The 2007 examination focused primarily upon the ammunition. Defendant's expert in this case believes that laboratory testing of the burst rifle and cartridge cases that were fired prior to and at the time of the incident may provide useful information regarding the nature of the obstruction that was responsible for the failure of the rifle barrel.  Now, after almost a year has passed, a motion to compel has been filed and the Court has issued a show cause order, Defendant advises that Plaintiffs advised on January 4, 2013 that they will make the rifle available for inspection at the January 15, 2013 mediation scheduled to take place at the federal courthouse in Panama City.[2] Defendant advises that its expert is not available on that date. Therefore, Defendant advises that if the mediation is not successful it will then schedule another mutually convenient date for the inspection.

---

[1] While this case was pending in state court, Defendant served its initial discovery requests, which included a request for Defendants to produce for inspection the physical evidence. Because Plaintiffs had not produced the physical evidence for inspection, Defendant requested on October 22, 2012 and then again on November 21, 2012 that Plaintiff produce the physical evidence for inspection. Because Plaintiffs never responded to Defendant's request for inspection Defendant filed the pending motion to compel on November 30, 2012. Plaintiffs failed to respond to the motion to compel thus necessitating the issuance of the show cause order to which the Plaintiffs have now responded.

[2] In addition to the fact that the notice provided by Plaintiffs is insufficient because it was made after the close of discovery and does not provide sufficient time, as a practical matter, the firearm and ammunition cannot be produced during the mediation in the federal courthouse because firearms may not be brought into the federal courthouse without written permission of a judge and notice to the Marshal.

While the rifle and ammunition may have been provided to Defendant more than five years ago before the lawsuit was filed, the Defendant has a right to inspect, examine and test the rifle, ammunition and physical evidence during discovery in this case. Simply because Defendant had an opportunity years ago to examine these items is not a sufficient reason, standing alone, to refuse to produce these items for inspection during this litigation. Although the Defendant may decide not to pursue such inspection (after an unsuccessful mediation) because the Plaintiffs do not have any expert evidence in this case, in the event Defendant wishes to inspect, examine and test these items, Plaintiffs are directed to make these items available at a mutually convenient date and time for inspection. In the event Plaintiffs fail or refuse to do so after Defendant requests inspection of these items, upon the filing of an appropriate motion the Court will dismiss all of Plaintiffs' claims against Defendants. No further warnings will be provided to Plaintiffs.

Accordingly, upon due consideration, it is **ORDERED**:

1. Defendant Olin Corporation's Motion to Compel Production of Physical Evidence For Inspection (Doc. 75) is **GRANTED**.

2. In the event this case is not resolved at mediation on January 15, 2013, Plaintiffs are directed to produce for inspection, examination and testing the equipment Plaintiff was using on the date of the incident, including the firearm, the ammunition and any other physical items. Plaintiffs must produce these items for inspection at a mutually convenient date and time, no later than ten days after Defendant requests that

these items be made available for inspection by Defendant's expert.

**DONE AND ORDERED** this 8th day of January 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge