IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

NORMAN FREEMAN and CHRISTY
FREEMAN,

     Plaintiffs,

v.                                  CASE NO. 5:12-cv-00006-MW-GRJ

OLIN CORPORATION, et al.,

     Defendants.

_____/

## SUMMARY JUDGMENT NOTICE

On December 6, 2012 Defendants filed their Joint Motion for Summary

Judgment (Doc. 77), Memorandum of Law in Support of Their Joint Motion For

Summary Judgment (Doc. 78) and Defendants' Statement of Uncontroverted Material

Facts In Support of Their Joint Motion For Summary Judgment. (Doc. 79.)  Pursuant to

N.D. Fla. Loc. R. 7.1(C) Plaintiff had 14 days in which to file and serve a responsive

memorandum with citation of authorities in opposition to the motion. Further, pursuant

to N.D. Fla. Loc. R. 56.1, Plaintiffs are required to file a statement of the material facts

as to which it is contended that there exists a genuine issue to be tried. Motions for

summary judgment are taken under advisement not later than 21 days after the motion

has been filed. The docket reflects that Plaintiffs have not filed a responsive

memorandum, a statement of controverted facts or any evidentiary materials in

opposition to the motion and the time for doing so has passed.

Because Plaintiffs are proceeding *pro se*, they are advised of the following with

respect to the motions. The Court will decide the motion on the basis of the motion, the response, and any evidentiary materials filed by the parties. If the Court grants Defendants' motion for summary judgment, such decision would be a final decision of the Court in favor of Defendants. As a result of such final decision, there would be no trial or other proceedings in this case, and the Plaintiffs would likely be precluded from later litigating this matter or any related matters. Therefore, the Plaintiffs are further advised: (1) failing to respond to the Defendants' summary judgment motion will indicate that the motion is not opposed; (2) all material facts asserted in the motion will be considered admitted unless controverted by proper evidentiary materials (counter-affidavits, depositions, exhibits, etc.); and (3) Plaintiffs may not rely solely on the allegations of the issue pleadings (*e.g.*, complaint, answer, etc.) in opposing the summary judgment motion. *See Griffith v. Wainwright*, 772 F.2d 822,825 (11th Cir. 1985).

Due to Plaintiffs' *pro se* status the Court will provide Plaintiffs with an additional 20 days to respond to the motion for summary judgment. Plaintiffs must file their response in opposition to the motion for summary judgment, any statement of controverted material facts and any evidentiary materials in opposition to the motion for summary judgment no later than **January 28, 2013**. The Court will take the motion for summary judgment under advisement after that date.

Accordingly, it is **ORDERED:**

Plaintiffs must file their response in opposition to Defendants' motions for summary judgment, Docs. 77, 78 and 79 **on or before January 28, 2013**. The

Court will take the motion for summary judgment under advisement after that date.

**DONE AND ORDERED** this 8th day of January 2013.

_s/Gary R. Jones_
GARY R. JONES
United States Magistrate Judge